UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MATTHEW SKAMFER,

        Petitioner,

v.                                              Case No. 14-C-0786

WILLIAM POLLARD,

        Respondent.

---

DECISION AND ORDER REQUIRING RESPONDENT TO FILE AN ANSWER, GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2), DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR A REFUND OF STATE FILING FEE, AND FOR RECONSIDERATION OF A SEVENTH CIRCUIT DECISION (DOC. 3), DENYING PETITIONER'S MOTION REGARDING JURISDICTIONAL ISSUE AND COUNSEL APPOINTMENT (DOC. 8) AND DENYING PETITIONER'S MOTION TO CONSOLIDATE CASES (DOC. 9)

Matthew Skamfer filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In September of 1987, Skamfer was found not guilty of arson by reason of mental disease or defect. The Wisconsin Court of Appeals decision, *State v. Skamfer*, indicates that Skamfer was found not guilty of battery to a police officer by reason of mental disease or defect in the summer of 1989, and a jury determined that Skamfer could be released on conditions set by the court. 1991 WL 198154 (Wis. Ct. App. 1991). However, within a month of his release, Skamfer was arrested for operating a motor vehicle while under the influence and fleeing an officer. *Id.* After Skamfer set a fire in his cell, the state petitioned to revoke his conditional release and recommit him to Mendota Mental Health Institute. *Id.* The court ordered recommitment. *Id.* Since that time, there have been other convictions according to the five petitions filed by Skamfer in July of 2014. Case Nos. 07-C-786 - 14-C-791 (E.D.

Wis. 2014). However, with the exception of a second criminal case filed in 1987, it does not appear that any of the actions were consolidated.

Skamfer indicates that he filed state habeas petitions and that some were lost by state officials. He believes documents were filed with the Wisconsin Court of Appeals and the Wisconsin Supreme Court in 2006 but that he could not fairly litigate in those courts due to substandard law books at Mendota. Skamfer submits that a third petition was filed in Dodge County on July 2, 2013, but was not given a filing number.

In the pending petition Skamfer seeks to vacate Dunn County Case No. 87-CF-5 on the grounds of double jeopardy and denial of equal protection and due process. Skamfer believes he has exhausted his state remedies through his various habeas petitions filed over the years, and/or asserts that his attorney misrepresented to him that the judge would give him fifty years in prison unless he plead NGI and that counsel misrepresented that the commitment would only last until he improved. Additionally, Skamfer asserts that he filed a petition in the federal courts in 2011 that was dismissed because of the one year limitations period. However, the case he identifies, 11-C-285, challenged Dodge County Circuit Court Case No. 08-CF-37.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The pending petition presents a number of procedural obstacles; however, the court needs clarification before making a final determination. First, the criminal case challenged by Skamfer is 27 years old. Nevertheless, the court cannot determine how or when the commitment ended and/or whether Skamfer's current conviction is related to the underlying conviction. A person may not use a habeas petition to obtain relief unless he is challenging the fact or duration of custody. *Richmond v. Sciabana*, 387 F.3d 602, 605 (7th Cir. 2004). By his own admission, Skamfer took no action in the Wisconsin courts until 2006 even though it appears that he was released on conditions in 1989. Because the record is required for further review and Skamfer raises colorable constitutional arguments, an answer or other response is warranted.

That said, Skamfer also seeks leave to proceed in forma pauperis, as well as the appointment of counsel, return of a state court filing fee, reconsideration of a Seventh Circuit

3

decision, release pending an evidentiary hearing, and the consolidation of cases. With respect to the request to proceed in forma pauperis, Skamfer's affidavit indicates that he has no retirement, investments, real estate or other valuable assets beyond his prison trust account. Consequently, the court is satisfied that he is unable to pay the $5 filing fee associated with this action.

On the other hand, the court finds no basis to appointment counsel at this time. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. And a threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Id.*, 503 F.3d at 654-55.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including

4

evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.* Because Skamfer has not met the threshold requirement for the appointment of counsel, his request will be denied.

Finally, Skamfer has filed several motions regarding a "jurisdictional issue" stemming from the transfer of papers from Dane County to Dunn County in a state case, the return of a state court filing fee, reconsideration of a Seventh Circuit decision, release from custody pending an evidentiary hearing and the consolidation of cases. The court has no authority to intervene or otherwise enter orders in a pending state case or to reconsider a decision of the Seventh Circuit. Moreover, Skamfer's motion for release, which makes general assertions about void judgments, fails to establish any basis for this court to order his release at this stage of the case. The final motion requests consolidation of several pending cases but is labeled a motion for leave to appeal in forma pauperis. There has been no appeal docketed in this case and this is the first order entered by this court. Hence, there is no order from which to appeal and no apparent basis for this court to consolidate five petitions filed by Skamfer challenging multiple convictions from multiple counties. Now, therefore,

IT IS ORDERED that within sixty days of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If an answer is filed, Skamfer shall have forty-five days from receipt of the answer to file a brief in support. If a motion to dismiss is filed, the motion must be accompanied by a brief in support and other relevant materials. The

5

time for Skamfer to respond shall be governed by this district's local rules, which allows for twenty-one days. Skamfer shall not file any motion prior to receiving the answer or a motion to dismiss from the respondent.

Briefs may not exceed thirty pages, double spaced.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

IT IS FURTHER ORDERED that Skamfer's motion to proceed in forma pauperis is granted. (Doc. 2.)

IT IS FURTHER ORDERED that Skamfer's motion for appointment of counsel and for a refund of the state filing fee and reconsideration of a Seventh Circuit decision is denied. (Doc. 3.)

IT IS FURTHER ORDERED that Skamfer's motion regarding jurisdictional issue and counsel appointment is denied. (Doc. 8.)

IT IS FURTHER ORDERED that Skamfer's motion to consolidate cases is denied. (Doc. 9.)

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2014.

BY THE COURT
/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE