UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW SKAMFER,

        Petitioner,

        v.                                          Case No. 14-C-0786

WILLIAM POLLARD,

        Respondent.

DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR UNTIMELINESS (DOC. 15), DENYING PETITIONER'S MOTION TO VACATE JUDGMENT (DOC. 17), DENYING PETITIONER'S MOTION FOR JUDGMENT (DOC. 18), DENYING AS MOOT MOTION TO RESUME REGULAR MAIL AND NOTICE OF NEW ADDRESS (DOC. 18), DISMISSING CASE, AND DENYING CERTIFICATE OF APPEALABILITY

Respondent, William Pollard, has filed a motion to dismiss Matthew Skamfer's petition for writ of habeas corpus on the ground that it was not filed within the one-year limitations period. *See* 28 U.S.C. § 2244(d). Skamfer challenges Dunn County Case No. 87-CF-5, in which he was charged with arson of a building and found guilty. However, the court found Skamfer not guilty due to mental disease or defect on September 19, 1987. No substantive activity occurred until January 10, 2005, when a state court habeas petition was filed. Additionally, Skamfer filed a motion for termination of his NGI commitment on February 28, 2006, and a motion for sentence credit on September 27, 2006. The Dunn County Circuit Court denied his peittion for conditional release on August 29, 2007, as well as his request to vacate judgment on November 20, 2009. Although Skamfer was awarded 215 days of sentence credit in two other cases, Nos. 87-CF-7 and 87-CF-9, on November 1, 2013, no other action was taken with respect to this conviction.

Because Skamfer was found not guilty by reason of mental disease or defect, he was committed to the Department of Health Services for institutional placement unless or until the court determined that he would not be dangerous to himself or others if released. Wis. Stats. §§ 971.165 and 971.17. A Wisconsin Court of Appeals decision, *State v. Skamfer*, indicates that Skamfer was found not guilty of battery to a police officer by reason of mental disease or defect in the summer of 1989, and a jury determined that Skamfer could be released on conditions set by the court. 1991 WL 198154 (Wis. Ct. App. 1991). However, within a month of his release, Skamfer was arrested for operating a motor vehicle while under the influence and fleeing an officer. *Id.* After Skamfer set a fire in his cell, the state petitioned to revoke his conditional release and to recommit him to the Mendota Mental Health Institute. *Id.* The court ordered recommitment. *Id.* Since that time, there have been other convictions according to the five petitions filed by Skamfer in July of 2014. *Skamfer v. Pollard*, Case Nos. 14-C-786 through 14-C-790 (E.D. Wis. 2014).

Respondent asserts that the petition in this case must be dismissed as untimely under the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In Wisconsin a defendant found not guilty by reason of mental disease or defect is committed to the Department of Health Services for institutional placement unless the court determines that he would not be dangerous to himself or others if released. Wis. Stats. §§ 971.165 and 971.17. Four years before Skamfer's commitment order, the Wisconsin Supreme Court held that a defendant found not guilty by reason of mental disease or defect has the same rights of appellate review as a defendant who appeals from a judgment of conviction. *State v. Smith*, 113 Wis. 2d 497, 335 N.W.2d 376 (1983); see also Wis. Stat. § 971.17(7m)

Skamfer had twenty days from the NGI disposition to file a notice of intent to pursue postconviction relief. Wis. Stat. § 809.30(2)(b). Because he took no action, his NGI judgment became final within the meaning of § 2244(d)(1)(A) on October 9, 1987. That date precedes the enactment of the AEDPA; consequently, Skamfer had one year from the date of enactment, April 23, 1996, to file his habeas petition. *Graham v. Borgen,* 483 F.3d 475, 478 (7th Cir. 2007). Skamfer filed his first habeas petition with respect to 87-CF-5 on January 10, 2005. At that point, the deadline for seeking a writ of habeas corpus had long expired.

Skamfer argues that equitable tolling should apply for a myriad of reasons. However, he bears the burden to show that (1) he has been diligently pursuing the right underlying the pending petition and (2) some extraordinary circumstance prevented his timely filing. *Holland*

3

*v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed.2d 130 (2010). The court considers all the circumstances Skamfer faced and "the cumulative effect of those circumstances," instead of viewing each in isolation. *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014).

According to Skamfer's petition, brief, and several supplemental filings, his problems began in 87-CF-5 when Judge Donna Muza made unlawful suppression rulings and the District Attorney illegally ran across the hall so that Judge James Wendland could rule on the same motions. Then, appointed counsel failed to file an interlocutory appeal, told Skamfer that he faced fifty years in prison for starting a fire in the prison garbage, and assured Skamfer that he would only be imprisoned until he was better. Skamfer maintains that he had no way to challenge the constitutional violations because of the NGI plea. In 1990, the court sentenced Skamfer to ten years for battery and he was sent back to Mendota Mental Health Institute. Then, in 1992, he was "illegally" convicted but utilized the administrative grievance process to argue that he had no mental illness. Skamfer asserts that staff lost the medical reports that would have allowed him to challenge 90-CF-1299 under *Foucha*.

Conceding that he was given access to law books in 1996, Skamfer filed a petition or petitions seeking habeas corpus relief attacking 90-CF-1299 as contrary to due process and arguing that his "commitments violated double jeopardy with the re-ruled unlawful suppressions." (Doc. 20.) However, he asserts that the judge never ruled on the merits of his claims and appointed counsel concealed his petitions. In addition, appointed appellate counsel in 96-CF-1084 informed Skamfer that the Madison Public Defenders Office told him to conceal any Dunn County petitions. At the same time, Skamfer admits that he was moved to a private prison in Oklahoma for four years and filed petitions in the Western District of Wisconsin but was advised by Judge John Shabaz to return to state court.

4

Liberally construing all of Skamfer's submissions and considering the cumulative effect of all of the circumstances, the court finds no basis for concluding that Skamfer diligently pursued his rights with respect to 87-CF-5 from the date that the one-year limitations period expired (April 24, 1997) through the time he first returned to state court in 87-CF-5 (January 10, 2005). Skamfer's assertions raise episodic mental health concerns between the date of his commitment and 1996, as well as inaccurate representations by counsel, and/or efforts by the defense bar to conceal documents. However, he admits that he had access to law books and filed a 1996 habeas petition in 90-CF-1299 and pursued appeals in other cases during the relevant time period. He also admits that he was released for a period of time in 1989 from the commitment order, and references his recovery in 1989. (Doc. 20.) Indeed, a published decision of the Wisconsin Court of Appeals states that Skamfer was released in the summer of 1989 after a jury determined that he could be released on conditions set by the court. *State v. Skamfer*, 1991 WL 198154 (Ct. App. 1991). Additionally, in 1993, Skamfer appealed his Dane County conviction after he withdrew a special plea and the jury found him guilty. On appeal, Skamfer argued that his prior confinement in Mendota was unlawful pursuant to *Foucha v. Louisiana*, 504 U.S. 71, 112, S. Ct. 1780, 118 L. Ed. 2d 437 (1992). *State v. Skamfer*, 176 Wis. 2d 304 (Ct. App. 1993).

The fact remains that Skamfer was charged and convicted on felony counts on three separate occasions *after* his 1987 conviction. *See* Dane County Circuit Court Case Nos. 90-CF-1299 and 96-CF-1084 and Dodge County Case No. 08-CF-37. In each of these cases, he filed an appeal. He also litigated numerous civil cases in the Wisconsin state and federal courts over the years without the assistance of counsel. *Skamfer v. Gregory Van Ry Brock,* Dunn County Case No. 05-CV-24; *Skamfer v. Pollard,* Dane County Case No. 14-CV-1292;

5

*Skamfer v. Larson*, Eastern District of Wisconsin Case Nos. 11-C-285; and *Skamfer v. Pollard*, Eastern District of Wisconsin Case Nos. 14-C-734, 14-C-735, 14-C-787, 14-C-788, 14-C-789, and 14-C-790.[1]

Ultimately, Skamfer's petition and other submissions, as well as the Wisconsin cases demonstrate that he knew of the grounds for relief underlying the correct petition as early as 1987 but no later than 1993 when he challenged a second commitment order in another case following his release from Mendota Mental Health Institute. Although committed pursuant to an NGI order and recommitted at various times over the years, Skamfer also was found guilty by juries on at least three separate occasions, appealed his convictions, served time in the state prison system, filed collateral attacks, and was instructed by a federal court in the Western District of Wisconsin to return to the state system. The cumulative effect of these matters undercut any basis for tolling the entire period of time between April 24, 1997, and the filing of Skamfer's first habeas petition on January 10, 2005. Put simply, Skamfer has plead himself out of court with respect to his 1987 Dunn County conviction and needs no encouragement to proceed further. Now, therefore,

IT IS ORDERED that respondent's motion to dismiss is granted. (Doc. 15)

IT IS FURTHER ORDERED Matthew Skamfer's petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that Skamfer's motion to vacate is denied. (Doc. 17)

IT IS FURTHER ORDERED that Skamfer's motion for judgment is denied. (Doc. 18)

---

[1] Skamfer filed fifteen civil cases in the Western District of Wisconsin between 1989 and 2001, all of which were assigned to Judge Shabaz.

6

IT IS FURTHER ORDERED that Skamfer's motion to resume regular mail at new address is denied as moot. (Doc. 18)

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE